Chief Judge Desmond
(dissenting). I cannot understand why this complaint must be dismissed. It contains all the allegations necessary for a suit to compel payment of dividends, all parties are before the court and there is no question under section 61-b of the General Corporation Law (Business Corporation Law, new § 627). Yet the Appellate Division ordered the dismissal although ‘ ‘ without prejudice to any appropriate stockholder’s derivative action the plaintiff may be advised to bring. (See Gordon v. Elliman, 306 N. Y. 456.) ” In Leibert v. Clapp (13 N Y 2d 313 [Dec., 1963]) we held in effect that allegations that earnings were being accumulated for wrongful reasons stated a cause of action. There was, it is true, much more in the Leibert complaint and the demand was for dissolution, but this court, reversing, said that the prayer for relief was not controlling so long as an actionable wrong was pleaded.
Unfortunately for plaintiff, he used the label of ‘ ‘ breaches of fiduciary duty ”. However, I fail to see why his carefully itemized allegations if proven would not make out a strong case for a holding that the piling up of reserves was in bad faith or was an abuse of directors’ discretion, and for a judicial mandate that dividends be declared or for “ such other relief as might seem more appropriate once the actual facts and circumstances are ascertained ” (Leibert v. Clapp, 13 N Y 2d 313, 318, supra).
The settled rule in our State even under the Civil Practice Act has been that a complaint is sufficient “ ‘ If in any aspect upon the facts stated the plaintiff is entitled to a recovery ’ ’ ’ and if there “ ‘ “ can be fairly gathered from [its] averments ” * * * any valid cause of action cognizable by the state courts ’ ” (Dulberg v. Mock, 1 N Y 2d 54, 56). This liberality has been enlarged by new CPLR 3013 which requires no more than that “ Statements in a pleading shall be sufficiently particular to give ® * * notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action ”. As Professor McLaughlin reminds us in his “ State and Local Bar Lectures on the Civil Practice Law and Rules” (1963, Edward Thompson Co., p. 22): “ The strict, almost common-law requirements of pleading that existed under the CPA have been abolished.” CPLR 3017 (a) goes still further and author *432 izes the court to “ grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded ” (italics mine).
I would reverse and let the case stand for trial.
Judges Dye, Fuld, Burke, Scileppi and Bergan concur with Judge Van Voorhis; Chief Judge Desmond dissents in a separate opinion.
Order affirmed.